UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-80638-AMC/BER

VERITAS LEGAL PLAN, INC.

   Plaintiff,

v.

FREEDOM LEGAL PLANS, LLC.
MY LIFE PLANS, LLC, and
ROBERT AINSWORTH

   Defendants.
_____/

### ORDER DENYING WITHOUT PREJUDICE PLAINTIFF'S MOTION TO DISQUALIFY [ECF No. 14]

Plaintiff Veritas Legal Plan, Inc. ("Veritas") moves to disqualify defendants' counsel. Judge Cannon referred this matter to me for full disposition. ECF No. 16. I have reviewed the Motion to Disqualify, the Reponses, the Replies, and the evidence submitted along with those pleadings. ECF Nos. 14, 20, 23, 24, 28, 29. I held oral argument on June 16, 2023. ECF No. 30. This matter is ripe for decision. For the following reasons, the Motion to Disqualify is DENIED without prejudice.

I. BACKGROUND

Veritas offers a proprietary prepaid legal expense plan to consumers. ECF No. 1 ¶30. Veritas contracts with third party affiliates who refer possible customers to Veritas. ECF No. 1-1. The affiliates and Veritas execute an Affiliate Agreement. *Id.* The Affiliate Agreement contains a non-compete clause. *Id.* at 5.

Veritas and these Defendants executed an Affiliate Agreement on September

12, 2020. ECF No. 1-1. Among Veritas' allegations in the Complaint are that Defendants violated the non-compete clause. *See, e.g.,* ECF No. 1 ¶¶ 154, 166, 175.

Defendants are represented by Howard DuBosar, Esq., and the firm of Weiss Serota Helfman Cole & Bierman. Mr. DuBosar joined Weiss Serota in June 2020. ECF No. 24 (DuBosar Affidavit) ¶7. During 2016, Mr. DuBosar was a partner in the firm of DuBosar Sheres P.A. *Id.* ¶3.

In the summer of 2016, DuBosar Sheres was hired by Veritas to review the non-compete clause in the Affiliate Agreement. The firm told Veritas that the then-existing non-compete clause was not enforceable. DuBosar Affidavit ¶10. The firm revised the non-compete clause. *Id.* ¶22. Robert Sheres performed the legal work. *Id.* ¶13. Mr. DuBosar was not personally involved in revising the non-compete clause. *Id.* ¶22. The current Affiliate Agreement uses the non-compete clause as revised by Mr. Sheres. *Compare* ECF No. 29-3 at 2 *with* ECF No. 24-5 at 45.

Veritas argues that Mr. DuBosar has a disqualifying conflict of interest under Florida Rule of Professional Responsibility 4-1.9 and that this conflict is imputed to the entire Weiss Serota firm.

## II. DISCUSSION

I begin with three points that Defendants have not disputed. First, Veritas has standing to move to disqualify Mr. DuBosar.[1] Second, for purposes of analyzing any

---

[1] I have independently evaluated whether standing exists, as I am required to do. *See Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006) (courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the

conflict of interest under the Florida Rules of Professional Conduct, Mr. Sheres' work is imputed to Mr. DuBosar even though Mr. DuBosar did not personally provide the services to Veritas. Third, if a conflict of interest prevents Mr. DuBosar from continuing to represent the Defendants, the entire Weiss Serota firm is disqualified. ECF No. 23 at 16 n.8

*A. Motion to Disqualify*

Although they implicate ethical concerns, "motions to disqualify are substantive motions affecting the rights of the parties." *Herrmann v. GutterGuard, Inc.*, 199 F. App'x 745, 752 (11th Cir. 2006). They are governed by two sources of authority — federal common law and local rules of court. *Id.* The party moving to disqualify counsel bears the burden of proving the grounds for disqualification. *In re BellSouth Corp.*, 334 F.3d 941, 961 (11th Cir. 2003). The Local Rules of this Court incorporate the Florida Rules of Professional Conduct. S.D. Fla. L.R. 11.1(c).

"Because a party is presumptively entitled to the counsel of his choice, that right may be overridden only if compelling reasons exist." *In re BellSouth Corp.*, 334 F.3d at 961 (internal quotations and citations omitted). Disqualification of one's

---

absence of a challenge from any party."). Veritas has sufficiently alleged that, as the former client, it will suffer a concrete injury-in-fact because confidential information could be used against it. That injury would be causally linked to the conflict of interest, and disqualifying defense counsel would redress the injury. *See Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992). Moreover, even if Veritas lacked standing, a federal court has "the authority and duty to inquire *sua sponte* into whether counsel should not serve because of a conflict with another client." *United States v. Coleman*, 997 F.2d 1101, 1104 (5th Cir. 1993) *cited and quoted in Shaw v. Broad and Cassel*, No. 11-23689-CV, 2012 WL 315050 at *3 (S.D. Fla. Feb. 1, 2012) (J. Altonaga).

chosen counsel is a drastic remedy that should be resorted to sparingly. *Norton v. Tallahassee Mem'l Hosp.*, 689 F.2d 938, 941 n.4 (11th Cir. 1982). When ruling on a motion to disqualify, a court must "be conscious of its responsibility to preserve a reasonable balance between the need to ensure ethical conduct on the part of lawyers appearing before it and other social interests, which include the litigant's right to freely choose counsel." *Woods v. Covington County Bank*, 537 F.2d 804, 810 (5th Cir. 1976). An opposing party's motion to disqualify counsel "should be viewed with caution, however, for it can be misused as a technique of harassment." Fla. R. Prof. Cond. 4-1.7 cmt.

Where, as here, a lawyer's conduct is allegedly unethical but does not threaten the orderly administration of justice, violating an ethical rule is a necessary but not always sufficient condition for disqualification.[2] *Schlumberger Techs., Inc. v. Wiley*, 113 F.3d 1553, 1561 (11th Cir. 1997); *see McGriff v. Christie*, 477 F. App'x 673, 677 (11th Cir. 2012) (affirming district court's disqualification of an attorney based on a violation of the Georgia Rules of Professional Conduct); *see also Prudential Ins. Co. of Am. v. Anodyne, Inc.*, 365 F. Supp. 2d 1232, 1236-37 (S.D. Fla. 2005) (collecting cases):

> [When] the conduct at issue does not threaten the orderly administration of justice but is allegedly unethical, we insist that district courts rest their disqualification decisions on the violation of specific Rules of Professional Conduct, not on some "transcendental

---

[2] Threats to the orderly administration of justice (as compared to the fair and efficient administration of justice) include in-court misconduct or deliberate challenges to the court's authority. *Schlumberger*, 113 F.3d at 1561.

> code of conduct ... that ... exist[s] only in the subjective opinion of the court."

*Schlumberger*, 113 F.3d at 1561 (citation omitted). "The court must clearly identify a specific Rule of Professional Conduct which is applicable to the relevant jurisdiction and must conclude that the attorney violated that rule." *Id*. And even if an ethical rule has been violated, the Court must look to "various factors, such as the nature of the ethical violation; the prejudice to the parties; the effectiveness of counsel in light of the violations; the public's perception of the profession; and whether or not the attempt to disqualify an attorney is used as a tactical device or a means of harassment" ("the *Anodyne* factors"). 365 F. Supp. 2d at 1237.[3]

B. Rule 4-1.9

Florida Rule of Professional Conduct 4-1.9 prohibits certain conflicts of interest between a lawyer's former and current clients. It says:

> A lawyer who has formerly represented a client in a matter must not afterwards:
>
> (a) represent another person in the same or a substantially related matter in which that person's interests are materially adverse to the

---

[3] Neither party addressed the *Anodyne* factors in its briefing. At best, Defendants cited the legal principle that "[i]t is well settled that disqualification is not mandatory even after a finding that a law firm has violated a conflict of interest rule." ECF No. 23 at 7 (citing *Great Am. Ins. Co. v. Gen. Contractors & Const. Mgmt. Inc.*, 2008 WL 1994857 (S.D. Fla. May 6, 2008) (J. Ungaro). Defendants do not develop this argument in their briefing, so I will not consider it. *Beres v. Daily J. Corp.*, No. 22-CV-60123, 2022 WL 805733, at *6 n.6 (S.D. Fla. Mar. 8, 2022) (J. Dimitrouleas) ("It is axiomatic that arguments not supported and properly developed are deemed waived.").

> interests of the former client unless the former client gives informed consent;
>
> (b) use information relating to the representation to the disadvantage of the former client except as these rules would permit or require with respect to a client or when the information has become generally known; or
>
> (c) reveal information relating to the representation except as these rules would permit or require with respect to a client.

The commentary to the Rule explains:

> The scope of a "matter" for purposes of rule 4-1.9(a) may depend on the facts of a particular situation or transaction. The lawyer's involvement in a matter can also be a question of degree. When a lawyer has been directly involved in a specific transaction, subsequent representation of other clients with materially adverse interests clearly is prohibited. . . . The underlying question is whether the lawyer was so involved in the matter that the subsequent representation can be justly regarded as a changing of sides in the matter in question.
>
> Matters are "substantially related" for purposes of this rule if they involve the same transaction or legal dispute, or if the current matter would involve the lawyer attacking work that the lawyer performed for the former client.

Fla. R. Prof. Cond. 4-1.9 (cmt).

Veritas argues that disqualification is warranted because the present case is substantially related to the legal services that Mr. Sheres provided to Veritas. Veritas says that both matters involve the non-compete clause of the Affiliate Agreement and the current case involves Mr. DuBosar attacking work that his former firm performed for Veritas. Defendants respond that (1) this case is not substantially related to the work done by Mr. Sheres, and (2) Defendants waived the conflict by waiting too long to raise it.

In their Response, Defendants say that they do not plan to attack the work done by Mr. Sheres: "As evidenced by the 2022 Action and its filings, the Defendants do not actually contest the enforceability (on its face) of the non-competition clause." ECF No. 23 at 10-11. Although Defendants have not filed an Answer yet, at oral argument, Mr. DuBosar further explained how Defendants plan to defend the case. He represented that (1) they will challenge personal jurisdiction; (2) they will not argue that the non-compete clause was unenforceable when the Affiliate Agreement was signed, (3) instead, they will argue that Veritas' actions after the Affiliate Agreement was signed release Defendants from the otherwise-enforceable non-compete clause, under theories such as waiver and abandonment.

To summarize, the scope of the underlying matter was to rewrite the non-compete clause so it could be enforced as drafted. The present matter involves claims that Defendants violated the non-compete clause. If Defendants are not defending on the basis that the non-compete clause is facially invalid or unenforceable as drafted, the current matter is not attacking the work done by Mr. Sheres, nor is Mr. DuBosar changing sides in the same matter. There is no violation of Rule 4-1.9 and no basis for disqualification.

Because I find no ethical violation, I do not address the waiver issue.

I am mindful that litigation is dynamic and litigation strategies can change. For now, I accept Mr. DuBosar's representation (as an officer of the Court and as the agent of his clients) about the intended defense strategy. Should that strategy change in the future and Defendants attack the facial validity of the non-compete clause,

Veritas may be entitled to remedies, including disqualification. For that reason, this Order is without prejudice.

WHEREFORE, it is ORDERED that Plaintiff's Motion to Disqualify (ECF No. 14) is DENIED WITHOUT PREJUDICE.

**DONE and ORDERED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 20th day of June 2023.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE